**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| KEIONA HARRISON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-419-PRC |
| | ) | |
| CITY OF FORT WAYNE, OFFICER HOLLO, | ) | |
| OFFICER NICKLOW, OFFICER HAWTHORNE, | ) | |
| and OFFICER MCCONNELL, | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Leave to File Amended Answer to Complaint, Counter-Claim, and Jury Demand [DE 16], filed by Defendants on April 30, 2018. Plaintiff filed an objection on May 2, 2018, and Defendants filed a reply on May 9, 2018.

**PROCEDURAL BACKGROUND**

On September 27, 2017, Plaintiff Keiona Harrison filed a Complaint in the Allen County, Indiana, Superior Court. (ECF 3). Therein, Plaintiff alleges claims under 42 U.S.C. § 1983 for violations of her rights under the Fourth and Fourteenth Amendments to the United States Constitution for excessive force during an arrest, due process violations and racially profiling the Plaintiff prior to and during the arrest, deprivation and loss of liberty, and excessive force/due process violations for conducting a cavity search without cause or reason and without a warrant. Plaintiff also alleges Indiana state law claims of battery and sexual battery.

On October 5, 2017, Defendants removed the case to this Court. On October 10, 2017, Defendants filed an Answer. The Court held a Rule 16(b) scheduling conference on November 8, 2017, at which time a deadline of February 1, 2018, was set for Defendants to file a motion to amend pleadings.

**ANALYSIS**

In the instant motion, the individual Defendants seek leave of Court to amend their Answer to add a counterclaim that alleges defamation and invasion of privacy against Plaintiff based on allegedly defamatory statements made against Defendants Hollo, Nicklow, Hawthorne, and McConnell. Plaintiff objects on the bases that Defendants have not shown good cause for the motion, that the amendment would be futile, and that the counterclaim does not arise from the same transaction as the subject matter of Plaintiff's Complaint.

Federal Rule of Civil Procedure 15(a) provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has explained that "freely give" means that, in the absence of any apparent or declared reasons (e.g., undue delay, bad faith, dilatory motive), repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to an opposing party, or futility of the amendment, the court should grant leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The standard for futility is the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6). *See Townsel v. DISH Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

When a motion for leave to amend pleadings is filed after the deadline has elapsed, as in this instance, "the generous standard in Rule 15(a)(2) for allowing amendments 'is in some tension with'

2

Rule 16(b)(4), which governs scheduling orders and requires a showing of good cause to justify modifying time limits." *Adams v. City of Indianapolis*, 742 F.3d 720, 733-34 (7th Cir. 2014) (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). "In this situation, the district court is 'entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) were satisfied." *Id*. at 734. "In making a Rule 16(b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment." *Alioto*, 651 F.3d at 720.

In their motion, Defendants first assert that, in her Complaint, Plaintiff falsely stated that the officers racially profiled Plaintiff, the officers used excessive force against Plaintiff, the officers unlawfully searched Plaintiff's purse, the officers conducted a cavity search of Plaintiff, Officer McConnell put "her finger into plaintiff's vagina" and committed a sexual battery, the officers failed to intervene to prevent these alleged acts, and the officers targeted Plaintiff because of her race and color. In addition, Defendants represent that these statements have been reported in several newspapers; Defendants do not provide the dates of these reports. Defendants further assert that Plaintiff made similar statements at her deposition; Defendants do not provide the date of the deposition. In her Complaint, Plaintiff alleges that she is a probation officer. On April 13, 2018, Eric Zimmerman–the chief probation officer for the Adult Probation Department and Director of Court Services for the Allen County Circuit Court, and Michael Manuel–a probation supervisor for Allen County Adult Probation, both of whom supervise Plaintiff, testified at their depositions that Plaintiff told them that the officers cavity-searched her and slammed her against the police vehicle. Defendants also represent that Plaintiff's counsel "recently" produced handwritten notes pertaining

to the alleged racial profiling claim and that, as a result, Plaintiff's second deposition is scheduled for May 18, 2018.

The Court finds that Defendants have not shown good cause for extending their deadline to amend pleadings. The Counterclaim is based almost entirely on certain allegations made in Plaintiff's Complaint. Defendants were served with the Complaint on October 2, 2017. (ECF 1). Thus, they have been aware of the allegedly false statements made in the Complaint since October 2, 2017. When Defendants filed their Answer on October 10, 2017, they were aware of the allegedly false and defamatory statements made in the Complaint. And, as of November 8, 2017, when the Court entered the scheduling order setting the February 1, 2018 deadline for Defendants to amend pleadings, Defendants were aware of the allegedly false and defamatory statements in the Complaint. Moreover, all of the allegedly false statements concern the actions of the individual Defendants; thus, the Defendants knew at the time of service of the Complaint that Plaintiff had made purportedly false statements.

Although Defendants assert generally that they have shown "good cause" for amending the Court's scheduling order, they do not attempt to show that they were diligent in seeking the amendment. Defendants offer no explanation why they could not have filed a motion to amend to add the Counterclaim by the February 1, 2018 deadline, if not much earlier. The instant motion was filed almost three months after the deadline and approximately one month before the close of discovery.

Defendants do not provide the date of the newspaper articles that published the allegedly defamatory statements nor do they indicate the date of Plaintiff's original deposition. Defendants also cannot rely on the April 13, 2018 depositions of Mr. Zimmerman and Mr. Manuel to explain

why they waited until April 30, 2018, to file the instant motion because the Counterclaim alleges defamation based not only on the statements made to Mr. Zimmerman and Mr. Manuel but also on the allegations in the Complaint and the newspaper articles, both of which appear to have been known to Defendants long before April 30, 2018, as well as the before the February 1, 2018 deadline. Finally, Defendants offer no explanation as to how Plaintiff's handwritten notes put them on notice of the facts underlying the proposed counterclaim or how learning of the notes demonstrates their diligence in seeking leave to assert the counterclaim. In their reply brief, Defendants reference defamatory statements in a citizen complaint written by Plaintiff and a letter Plaintiff provided to the Fort Wayne Police Department's Internal Affairs Office, but Defendants do not identify the date of each of those statements or when they learned of them. The Court finds that Defendants have not shown good cause for modifying the scheduling order to assert the proposed counterclaim.

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** the Motion for Leave to File Amended Answer to Complaint, Counter-Claim, and Jury Demand [DE 16].

SO ORDERED this 11th day of May, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT