# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KEIONA HARRISON, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 1:17-CV-419-PRC |
| | ) |
| CITY OF FORT WAYNE, OFFICER HOLLO, | ) |
| OFFICER NICKLOW, OFFICER HAWTHORNE, | ) |
| and OFFICER MCCONNELL, | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Reconsider the Court's Ruling on the Defendants' Motion for Leave to File Amended Answer to Complaint, Counter-Claim, and Jury Demand [DE 21], filed by Defendants on May 22, 2018. Plaintiff filed an objection on June 5, 2018, and Defendants filed a reply on June 12, 2018. On June 14, 2018, Plaintiff filed a Sur-Response, without first seeking leave of court, and on June 21, 2018, Defendants filed a Sur-Reply, also without first seeking leave of court. On June 21, 2018, Plaintiff filed a belated Motion for Leave to File Sur-Response [DE 26].

## PROCEDURAL BACKGROUND

On September 27, 2017, Plaintiff Keiona Harrison filed a Complaint in the Allen County, Indiana, Superior Court. (ECF 3). Therein, Plaintiff alleges claims under 42 U.S.C. § 1983 for violations of her rights under the Fourth and Fourteenth Amendments to the United States Constitution for excessive force during an arrest that occurred on May 13, 2017, due process violations and racially profiling Plaintiff prior to and during the arrest, deprivation and loss of liberty, and excessive force/due process violations for conducting a cavity search without cause or

reason and without a warrant. Plaintiff also alleges Indiana state law claims of battery and sexual battery.

On October 5, 2017, Defendants removed the case to this Court. On October 10, 2017, Defendants filed an Answer. The Court held a Rule 16(b) scheduling conference on November 8, 2017, at which time a February 1, 2018 deadline was set for Defendants to file any motion to amend pleadings.

On April 30, 2018, Defendants filed a "Motion for Leave to File Amended Answer to Complaint, Counter-Claim, and Jury Demand," which sought to amend their Answer to add a counterclaim for defamation and invasion of privacy brought by the four individual officer defendants against Plaintiff.

On May 11, 2018, the Court denied Defendants' motion to amend, finding that the motion was untimely as it was filed after the February 1, 2018 deadline and that Defendants had not shown good cause under Federal Rule of Civil Procedure 16(b) for extending the February 1, 2018 deadline based on the allegations in the proposed counterclaim.

**ANALYSIS**

In the instant motion, Defendants ask the Court to reconsider its May 11, 2018 ruling denying them leave to bring a counterclaim against Plaintiff for defamation and invasion of privacy.

The relevant paragraphs of the proposed counterclaim, filed with the Court as an attachment to the original Motion for Leave to Amend, provide:

> 3. *In the Complaint*, Keiona Harrison made *defamatory statements* against *Detective Hollo, Detective Nicklow, Officer Hawthorne, and Officer McConnell*. Keiona Harrison falsely stated that these officers racially profiled Keiona Harrison; used excessive force against Keiona Harrison; unlawfully searched Keiona Harrison's purse; conducted a cavity search of Keiona Harrison; that Officer McConnell put "her finger into plaintiff's vagina" and committed a sexual battery;

2

that the officers failed to intervene to prevent these alleged acts; and that the officers targeted Keiona Harrison because of her race and color. Not only did Keiona Harrison *publish these false statements in Court*, but they have also been reported in several newspapers.

    4. Further, Keiona Harrison *made defamatory statements against Detective Hollo and Officer McConnell in her deposition*. These statements include sworn testimony that Detective Hollo slammed Keiona Harrison's chest and body twice onto his police vehicle and that Officer McConnell inserted her fingers twice into Keiona Harrison's vagina. Keiona Harrison *reported these same false statements* to Internal Affairs of the Fort Wayne Police Department.

    5. Further, Keiona Harrison *told her supervisors* at the Allen County Adult Probation Department that the officers cavity searched her and slammed her against the police vehicle.

    6. The *above defamatory statements published* by Keiona Harrison are false and are not privileged. Keiona Harrison published these statements knowing that they are false. Keiona Harrison has committed libel, slander, and defamation against Detective Hollo, Detective Nicklow, Officer Hawthorne, and Officer McConnell.

(ECF 16-1, p. 9, ¶¶ 3-6) (emphasis added). The proposed counterclaim alleges that Plaintiff made the false statements with malice and the intent to injure the four officers, that the defamatory statements harmed the officers' reputations, and that the false statements constitute defamation *per se*. *Id*. at pp. 9-10, ¶ 7-9. The proposed counterclaim further alleges that Plaintiff committed the tort of invasion of privacy by placing the officers in a false light that is highly offensive to a reasonable person. *Id*. at p. 10, ¶ 10.

From the plain language of Paragraphs 3-6 of the proposed counterclaim quoted above, the claim of defamation against the individual officers is based on (1) "defamatory statements" in the Complaint, (¶ 3); the "defamatory statements" at Plaintiff's deposition, (¶ 4); and what Plaintiff "told" her supervisors, (¶5). Paragraph 6 references "the above defamatory statements," which is a direct reference to the allegations in at least Paragraphs 3 and 4 and likely Paragraph 5 as well. Based on this plain language, the Court found in its May 11, 2018 Order that the proposed

3

counterclaim was untimely because Defendants knew of the allegations in the Complaint and the statements at Plaintiff's deposition well before the February 1, 2018 deadline yet did not show good cause under Federal Rule of Civil Procedure 16(b) for waiting until April 30, 2018, to seek leave to amend the answer to add the counterclaim.

In the instant Motion to Reconsider, Defendants assert that the proposed counterclaim is based *not* on the alleged defamatory allegations in Plaintiff's Complaint or on the allegedly defamatory statements made at her deposition but rather on the allegedly defamatory statements Plaintiff made to her supervisors in the Allen County Adult Probation Department—Eric Zimmerman and Michael Manuel. Defendants contend that the references in the proposed counterclaim to the allegedly defamatory statements in Plaintiff's Complaint and in her deposition testimony are "background." (ECF 21, p. 4). Defendants reason that the allegations in the Complaint are privileged and that the statements made in Plaintiff's deposition are likely privileged but that the statements Plaintiff made to her supervisors are not privileged. *Id*. Defendants represent that they did not fully learn of the statements Plaintiff made to her supervisors until the depositions of Zimmerman and Manuel on April 13, 2018. *Id*. Thus, Defendants argue that there is good cause to extend the February 1, 2018 deadline to allow them to bring the counterclaim based on Plaintiff's allegedly defamatory statements to Zimmerman and Manuel.

First, the Court finds that the proposed counterclaim submitted on April 30, 2018 with the original motion to amend is brought based on the allegations in Plaintiff's Complaint, the statements at Plaintiff's deposition, and the statements to supervisors and is not based solely on the statements to the supervisors as Defendants now assert. However, based on Defendants' clarification that they seek to bring the counterclaim based only on allegedly defamatory statements made to Plaintiff's supervisors Zimmerman and Manuel, the Court reconsiders its May 11, 2018 ruling and finds that

4

Defendants have shown good cause under Rule 16(b) for seeking leave to file a counterclaim after the February 1, 2018 deadline based on the allegedly defamatory statements made by Plaintiff to her supervisors Zimmerman and Manuel. Defendants did not learn the details of Plaintiff's statements to Zimmerman and Manuel until their depositions on April 13, 2018. Counsel for Defendants did not receive the transcript of the depositions until April 19, 2018, and the motion for leave to amend was filed shortly thereafter on April 30, 2018.

Second, without the allegations of the two paragraphs in the proposed counterclaim alleging defamatory statements based on the Complaint and Plaintiff's deposition, (ECF 16-1, p. 9, ¶¶ 3-4), the remaining allegations do not state a claim of defamation and invasion of privacy against any of the four individual officers based on statements made by Plaintiff to her supervisors. Paragraph 5 does not name the supervisors she spoke to, does not state which, if any, of the four individual officer defendants Plaintiff named when speaking to her supervisors, and does not state what allegedly defamatory statement she made to each supervisor about any individual officer. In contrast with the allegations in Paragraphs 3 and 4, there is no allegation in Paragraph 5 that the statements to her supervisors were defamatory. Moreover, it is unclear how Plaintiff's Complaint or her deposition testimony are "background" for a defamation counterclaim based on statements to her supervisors; Plaintiff presumably made the allegedly defamatory statements to her supervisors on or shortly after the events of May 13, 2017, whereas her Complaint was filed in September 2017 and her deposition was taken in December 2017.

Accordingly, the Court reaffirms its May 11, 2018 ruling denying Defendants leave to file the proposed amended answer and counterclaim as drafted in the attachment to the original motion to amend. However, because there is good cause to extend the February 1, 2018 deadline to allow

5

the individual officer defendants to seek leave to bring a counterclaim based on allegedly defamatory statements Plaintiff made to her supervisors Zimmerman and Manuel, the Court grants Defendants leave to file a renewed motion to amend with a redrafted proposed amended answer and counterclaim that is based solely on the allegedly defamatory statements by Plaintiff to her supervisors.

The Court will review the renewed motion and the redrafted proposed counterclaim under Federal Rule of Civil Procedure 15(a), which provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has explained that "freely give" means that, in the absence of any apparent or declared reasons (e.g., undue delay, bad faith, dilatory motive), repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to an opposing party, or futility of the amendment, the court should grant leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The standard for futility is the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6). *See Townsel v. DISH Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Motion to Reconsider the Court's Ruling on the Defendants' Motion for Leave to File Amended Answer to Complaint, Counter-Claim,

and Jury Demand [DE 21], and **DENIES as moot** the Motion for Leave to File Sur-Response [DE 26].

The Court **REAFFIRMS** the Opinion and Order [DE 20], but **GRANTS** Defendants leave to file, on or before **August 9, 2018**, a renewed motion for leave to amend their answer to bring a counterclaim against Plaintiff based on allegedly defamatory statements she made to Eric Zimmerman and Michael Manuel.

SO ORDERED this 25th day of July, 2018.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT
