# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KEIONA HARRISON, <br>     Plaintiff, <br><br> v. <br><br> CITY OF FORT WAYNE, OFFICER HOLLO, <br> OFFICER NICKLOW, OFFICER HAWTHORNE, <br> and OFFICER MCCONNELL, <br>     Defendant. | CAUSE NO.: 1:17-CV-419-PRC |

## OPINION AND ORDER

This matter is before the Court on a Renewed Motion for Leave to File Second Proposed Amended Answer to Complaint, Counter-Claim, and Jury Demand [DE 32], filed by Defendants on August 9, 2018. Plaintiff Keiona Harrison filed an objection on September 10, 2018, and Defendants filed a reply on September 17, 2018. This matter is also before the Court on Plaintiff's Motion to Amend Complaint [DE 34], filed by Plaintiff on August 10, 2018. Defendants filed an objection on August 23, 2018. Plaintiff did not file a reply.

## PROCEDURAL BACKGROUND

On September 27, 2017, Plaintiff Keiona Harrison filed a Complaint in the Allen County, Indiana, Superior Court, alleging claims under 42 U.S.C. § 1983 for violations of her rights under the Fourth and Fourteenth Amendments to the United States Constitution and for Indiana state law claims of battery and sexual battery during an arrest that occurred on May 13, 2017. (ECF 3).

On October 5, 2017, Defendants removed the case to this Court; on October 10, 2017, Defendants filed an Answer. On November 8, 2017, the Court set a deadline for any motion to amend pleadings of January 2, 2018, for Plaintiff and February 1, 2018, for Defendants. On April 30, 2018, Defendants filed a "Motion for Leave to File Amended Answer to Complaint, Counter-

Claim, and Jury Demand," which sought to amend their Answer to add counterclaims for defamation and invasion of privacy brought by the four individual officer defendants against Plaintiff. On May 11, 2018, the Court denied the motion as untimely.

On May 22, 2018, Defendants filed a Motion to Reconsider, which the Court granted on July 25, 2018, finding good cause to extend the Defendants' February 1, 2018 deadline to allow the officer defendants to seek leave to bring a counterclaim based on allegedly defamatory statements Plaintiff made to her supervisors Zimmerman and Manuel and granting Defendants leave to file a renewed motion to amend.

**ANALYSIS**

Both pending motions are governed by Federal Rule of Civil Procedure 15(a), which provides that a party "may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The United States Supreme Court has explained that "freely give" means that, in the absence of any apparent or declared reasons (e.g., undue delay, bad faith, dilatory motive), repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to an opposing party, or futility of the amendment, the court should grant leave. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010). The standard for futility is the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6). *See Townsel v. DISH Network LLC*, 668 F.3d 967, 969 (7th Cir. 2012); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997). The decision whether to grant or deny a motion to amend lies within the sound discretion of the district court. *See Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990).

### A. Plaintiff's Motion to Amend Complaint

In the instant motion, Plaintiff seeks leave to amend the Complaint to clarify that she is bringing a claim of false imprisonment. Plaintiff argues that this legal theory is applicable to the facts that are already set forth in the Complaint, noting that the Complaint alleges that Plaintiff was detained and seized against her will and that she suffered a loss of liberty. Indeed, the Complaint alleges that there was no probable cause to suspect that she had committed a crime and that there was no warrant or judicial order to detain her. (Compl. ¶ 12). The Complaint further alleges that she was deprived of her liberty as a result of Defendants' actions. *Id.* at ¶ 14. Plaintiff notes that a plaintiff need not plead legal theories in the Complaint. *King v. Kramer*, 763 F.3d 635, 642 (7th Cir. 2014); *Rabe v. United Airlines United, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) ("A complaint need not identify legal theories, and specifying an incorrect theory is not a fatal error.").

Defendants oppose Plaintiff's motion only on the basis that the motion is untimely and that Plaintiff has not shown good cause under Rule 16(b) for failing to bring the motion prior to her January 2, 2018 deadline to amend pleadings. *See* Fed. R. Civ. P. 16(b)(4); *Adams v. City of Indianapolis*, 742 F.3d 720, 733-34 (7th Cir. 2014) (noting that, when a motion for leave to amend pleadings is filed after the deadline has elapsed, "the generous standard in Rule 15(a)(2) for allowing amendments 'is in some tension with' Rule 16(b)(4), which governs scheduling orders and requires a showing of good cause to justify modifying time limits." (quoting *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011))). However, Defendants do not acknowledge that, technically, Plaintiff is not required to amend the complaint to add a new legal theory. *See King*, 763 F.3d at 642. Therefore, in the interests of judicial economy, the Court grants Plaintiff leave to file the Amended Complaint to clarify that she is also bringing a state law claim of false imprisonment based on the

3

same facts pled in the original complaint, as set forth in the proposed First Amended Complaint attached as an exhibit to this motion.

### B. Defendants' Motion for Leave to File Counterclaim

Defendants Hollo, Nicklow, Hawthorne, and McConnell seek leave of Court to bring counterclaims for libel, slander, defamation, and invasion of privacy based on statements Plaintiff made to her supervisors Michael Manuel and Eric Zimmerman in May 2017 and to Fort Wayne police officer Miguel Rivera in 2018. As noted in the Court's July 25, 2018 Order, Defendants did not learn of the statements to Manuel and Zimmerman until their depositions, which occurred after Defendant's February 2, 2018 deadline to amend pleadings. Also, Defendants explain that on July 13, 2018, Rivera was deposed and testified that sometime in 2018 Plaintiff told him that the Fort Wayne police officers at the scene of the May 13, 2017 incident racially profiled her and "groped her."

First, Plaintiff argues that the Court should decline supplemental jurisdiction over the proposed state law counterclaims under 28 U.S.C. § 1367(c)(1) because the counterclaims do not arise out of the same acts as those underlying Plaintiff's Complaint and because the counterclaims will predominate over the Plaintiff's Complaint. Although the counterclaims implicate additional facts outside of Plaintiff's Complaint, the counterclaims nevertheless form part of the same case or controversy as they arise from a common nucleus of operative facts, that is—there is a "loose factual connection between the claims." *See Ammerman v Sween*, 54 F.3d 432, 424 (7th Cir. 1995). The events of May 13, 2017, underlie both Plaintiff's federal § 1983 and state law claims as well as Defendants' proposed counterclaims. *See* 28 U.S.C. § 1367(a). Also, the counterclaims will not predominate over Plaintiff's § 1983 claims. Much of the same discovery is relevant to both claims.

4

Although there may be additional motion practice related to the counterclaims, judicial economy, convenience, fairness, and comity will be served by allowing these claims to proceed as part of the same litigation. Thus, the Court does not exercise its discretionary power under 28 U.S.C. § 1367(c)(1) and affirms its supplemental jurisdiction over the proposed counterclaim.

Second, Plaintiff argues that her communications that form the basis of Defendants' counterclaims are immunized by privilege and/or qualified privilege such that it would be futile to allow the counterclaims to proceed. In making this argument, Plaintiff attaches documents outside of the pleadings. At this stage of the litigation, considering the matters set forth in the proposed pleading, the Court cannot say that Defendants' counterclaims would be futile as a matter of law. Plaintiff will have an opportunity to assert immunity as a defense to the counterclaims.

Under the standard of Federal Rule of Civil Procedure 15(a), the Court grants Defendants' motion for leave to file the proposed counterclaims. However, because the Court has granted Plaintiff leave to amend her complaint, in the interests of judicial economy, the Court grants Defendants leave to bring the proposed counterclaims not in an amended answer to the original complaint but rather in their answer to the First Amended Complaint, once filed by Plaintiff.

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** Plaintiff's Motion to Amend Complaint [DE 34] and **ORDERS** Plaintiff to **FILE** the First Amended Complaint on or before **September 21, 2018**.

The Court further **GRANTS** the Renewed Motion for Leave to File Second Proposed Amended Answer to Complaint, Counter-Claim, and Jury Demand [DE 32] with relief different than

requested. The Court **ORDERS** that Defendants are granted leave to include the proposed counterclaims in their Answer to the First Amended Complaint, once filed by Plaintiff.

SO ORDERED this 19th day of September, 2018.

s/ Paul R. Cherry  
MAGISTRATE JUDGE PAUL R. CHERRY  
UNITED STATES DISTRICT COURT