# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KEIONA HARRISON, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF FORT WAYNE, OFFICER HOLLO, )<br>OFFICER NICKLOW, OFFICER HAWTHORNE, )<br>and OFFICER MCCONNELL, )<br>   Defendant. ) | CAUSE NO.: 1:17-CV-419-PRC |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Assert Supplemental Claims Against Defendants Pursuant to Rule 15(d) [DE 51], filed by Plaintiff Keiona Harrison on October 26, 2018. Defendants filed a response on November 7, 2018, and Plaintiff filed a reply on November 14, 2018.

On September 27, 2017, Plaintiff Keiona Harrison filed a Complaint in the Allen County, Indiana, Superior Court, alleging claims under 42 U.S.C. § 1983 for violations of her rights under the Fourth and Fourteenth Amendments to the United States Constitution and claims under Indiana state law for battery and sexual battery during her arrest by City of Fort Wayne officers that occurred on May 13, 2017. (ECF 3). On October 5, 2017, Defendants removed the case to this Court; on October 10, 2017, Defendants filed an Answer. (ECF 7).

On September 19, 2018, Plaintiff filed an Amended Complaint with leave of Court. (ECF 43).

On September 20, 2018, Defendants filed an Answer and Counterclaim. (ECF 44). In the Counterclaim, Defendants Hollow, Nicklow, Hawthorne, and McConnell allege claims of libel, slander, and defamation against Plaintiff. *Id*.

On October 26, 2018, Plaintiff filed an Answer to the Counterclaim. (ECF 50).

In the instant one-paragraph motion, Plaintiff seeks leave of Court to file a supplemental pleading pursuant to Federal Rule of Civil Procedure 15(d) to allege that Defendants filed a retaliatory counterclaim and to assert an Anti-SLAPP claim against Defendants under Indiana Code § 34-7-7-1.[1] Plaintiff attached the proposed Supplemental Complaint to the motion but did not file a memorandum in support of the motion.

As to Plaintiff's request to bring an Anti-SLAPP claim under Indiana law, Defendants contend that, although the Anti-SLAPP Act provides for the filing of a motion to dismiss or a counterclaim, the Anti-SLAPP Act does not provide for the filing of a separate cause of action. *See* Ind. Code § 34-7-7-5. In her two-paragraph reply brief, Plaintiff concedes that, under Indiana's Anti-SLAPP Act, the proper remedy is to seek dismissal of the action and request fees. (ECF 53). Accordingly, the Court denies Plaintiff's request to bring a supplemental claim under Indiana's Anti-SLAPP Act. In her reply brief, Plaintiff asks the Court to "set a briefing scheduled for the Motion to Dismiss" on the Anti-SLAPP issue. However, Plaintiff has not filed a motion to dismiss Defendants' Counterclaim; rather, Plaintiff filed an Answer to the Counterclaim on October 26, 2018. *See* (ECF 50). The Court denies Plaintiff's request to set a briefing schedule on a motion to dismiss on the basis that no such motion is pending.

The Court turns to Plaintiff's request to allege a supplemental claim against Defendants for bringing an allegedly retaliatory counterclaim. In the proposed Supplemental Complaint, Plaintiff

---

[1] Federal Rule of Civil Procedure 15(d) provides:

> **Supplemental Pleadings.** On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d).

alleges that Defendants, by filing their Counterclaim in this lawsuit, "have retaliated against the Plaintiff for seeking redress for civil rights violations against governmental/state actors pursuant to the Fourth Amendment and 42 U.S.C. § 1983" and "have attempted to punish the Plaintiff for exercising her constitutional rights of seeking access to the Courts to obtain redress against the governmental Defendants for violating her rights under the Fourth Amendment of the United States Constitution and the Tort Laws of the State of Indiana." (ECF 51-1, ¶ 3). Defendants object to this supplemental claim on the basis that Plaintiff cannot state a claim of retaliation.

Although Plaintiff does not identify the legal basis of her retaliation claim, it appears that Plaintiff is seeking leave to allege a § 1983 claim of First Amendment retaliation based on the First Amendment right of access to the courts. *See DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) ("An act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution."); *see also Zorzi v. Cnty. of Putnam*, 30 F.3d 885, 896 (7th Cir. 1994) (noting generally that "[r]etaliation for filing a lawsuit is prohibited by the First Amendment's protection of free speech, not some concept of an independent right of access to courts."). The First Amendment provides that "Congress shall make no law . . . abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the government for a redress of grievances." U.S. Const. Amend. I.

To establish a prima facie case of First Amendment retaliation, Plaintiff must show that (1) she engaged in activity that was constitutionally protected; (2) but for the protected speech, the defendants would not have taken the same action; and (3) she suffered a deprivation likely to deter First Amendment activity in the future. *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 549 (N.D. Ill. 2011) (addressing the plaintiff's First Amendment retaliation claim alleging that he was arrested

for engaging in the protected speech of reporting criminal activity (citing *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 501 (7th Cir. 2010) (considering a claim of First Amendment retaliation by a firefighter who participated in pro-union speech and whose employment was subsequently terminated); *Watkins v. Kasper*, 599 F.3d 791, 794 (7th Cir. 2010) (addressing a claim of First Amendment retaliation by a prisoner who complained about prison conditions and allegedly suffered a series of illegitimate disciplinary actions as a result); *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (considering a First Amendment retaliation claim alleging that the plaintiff, a prisoner, filed an affidavit in a lawsuit by another inmate's mother regarding a prison incident and that the prison subsequently retaliated by delaying the plaintiff's incoming and outgoing mail, harassing him in various ways, imposing unjustified disciplinary charges on him, and improperly dismissing his grievances))).

Although Plaintiff has alleged that she engaged in the constitutionally protected activity of accessing the courts when she filed the instant lawsuit to bring § 1983 claims based her treatment during her arrest and Plaintiff has alleged that Defendants filed their Counterclaim in retaliation for Plaintiff's lawsuit, Plaintiff has not alleged a deprivation. Plaintiff has alleged nothing more than the filing of a Counterclaim by Defendants. Plaintiff has already filed her underlying complaint in this case alleging her § 1983 claims, and Defendants' Counterclaim does not prevent Plaintiff from pursuing those claims.[2] Plaintiff offers no law or analysis in support of her retaliation claim, either

---

[2] In the context of Title VII and Fair Labor Standards Act claims of employment retaliation, courts have consistently held that "the mere fact that Defendants filed a counterclaim . . . is not sufficient to make out a claim for retaliation." *Simpson v. Saggezza, Inc.*, No. 17-CV-4165, 2018 WL 3753431, at *6 (N.D. Ill. Aug. 8, 2018) (citing *Beltran v. Brentwood N. Healthcare Ctr., LLC*, 426 F. Supp. 2d 827, 834 (N.D. Ill. 2006)); *see also Brown v. Club Assist Road Serv. U.S., Inc.*, No. 12-CV-5710, 2015 WL 13650775, at *7 (N.D. Ill. Mar. 13, 2015) (quoting *Beltran*, 426 F. Supp. 2d at 834 ("[C]ourts in this district repeatedly have ruled that filing a counterclaim, without more, is not an adverse action and thus cannot support a retaliation claim."); *Nieman v. Grange Mut. Ins. Co.*, No. 12-3250, 2013 WL 173466, at *2 (C.D. Ill. Jan. 16, 2013) (citing *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 486 (7th Cir. 1995); *Steffes v. Stepan Co.*, 144 F.3d 1070, 1075-76 (7th Cir. 1998)); *Houser v. Bridges of Ind., Inc.*, No. 2:10-CV-118, 2010 WL 2902718, *1-2

in her motion or in her reply brief. Because Plaintiff's proposed supplemental pleading does not state a claim for First Amendment retaliation, the proposed supplemental pleading would be futile. *See Glatt v. Chi. Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (applying the standard for amendment under Rule 15(a) to a Rule 15(d) motion to supplement and holding that the district court did not abuse its discretion in denying the motion to supplement based on the district court's finding that the plaintiff failed to state a claim for First Amendment retaliation brought as a result of the defendant's allegedly retaliatory counterclaim).

Accordingly, the Court hereby **DENIES without prejudice** Plaintiff's Motion to Assert Supplemental Claims Against Defendants Pursuant to Rule 15(d) [DE 51].

SO ORDERED this 27th day of November, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

---

(S.D. Ind. July 20, 2010) (quoting *Steffes*, 144 F.3d at 1075; *Beltran*, 426 F. Supp. 2d at 834); *Friemuth v. Fiskars Brands, Inc.*, 681 F. Supp. 2d 985, 994 (W.D. Wis. 2010); *Harper v. Realmark Corp.*, No. 4:04-CV-40, 2004 WL 1795392 (S.D. Ind. July 29, 2004). Although this is not an employment case, the Court nevertheless again notes that Plaintiff has not alleged anything more than the filing of Defendant's Counterclaim as the basis for her proposed supplemental claim.